**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE JOHNSON, | No. 11-15276 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01509-PMP-PAL |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted June 11, 2012[**]

Before: KOZINSKI, Chief Judge, N.R. SMITH and CHRISTEN, Circuit Judges.

Real-party-in-interest Richard E. Donaldson appeals the district court's order

granting a reduced attorney's fees award after he successfully represented Christine

Johnson in her claim for Social Security benefits. We have jurisdiction over this

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

appeal pursuant to 28 U.S.C. § 1291.  We review a district court's award of attorney's fees for abuse of discretion.  *Crawford v. Astrue*, 586 F.3d 1142, 1146–47 (9th Cir. 2009) (en banc).  Having reviewed the record and the parties' briefs on appeal, we vacate the district court's fee award and remand.

District courts are authorized to order payment of "a reasonable fee for . . . representation, not in excess of 25 percent of the total of past-due benefits" following successful representation of Social Security benefit claimants.  42 U.S.C. § 406(b)(1)(A).  When awarding fees, district courts are to look first to the contingent-fee agreement, and then independently "review for reasonableness [the] fees yielded by those agreements."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002) (directing lower courts to consider "the character of the representation and the results the representative achieved" when reviewing for reasonableness).

Pursuant to the express terms of his contingent-fee agreement, Donaldson was entitled to 25% of the past-due benefits awarded to Johnson and her children. The district court reduced the requested fee award below this amount, but did not provide an explanation.  *See Crawford*, 586 F.3d at 1152 (the district court must provide a "concise but clear explanation of its reasons for the fee award.") (internal quotations and citation omitted).  As such, we are unable to engage in a meaningful review of either the basis for the award or the award itself.  *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006) (without reasoning to

support fee award, "it is simply not possible for this court to review [the] award in a meaningful manner.") (internal quotations and citation omitted). The total past-due benefits paid to Johnson *and* her children is $205,502.50. But the amount the district court awarded to Donaldson ($34,263.12) is 25 percent of the past-due benefits paid to Johnson only (25 percent of $137,052.50 is $34,263.12). We infer that the district court excluded the children's awards ($68,450) from the fee calculation. We see no basis in the record for doing so. Accordingly, we vacate the district court's award of attorney's fees and remand this case to the district court for reassessment of an appropriate fee.

**VACATED and REMANDED.**